## (June 26, 1972)

■ · JULIA BEAURY et al., Appellants, v. ROCKAWAY'S PLAYLAND et al., Respondents.— In a negligence action to recover damages for personal injuries and for loss of services, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered December 28, 1971, in favor of defendants, upon a jury verdict. Judgment affirmed, without costs. No opinion. Gulotta, Christ and Brennan, JJ., concur; Munder, Acting P. J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum, in which Benjamin, J., concurs: The plaintiff wife was injured as follows: she was leaning over a guardrail, approximately two feet high, strapping her three-year-old daughter into a fire engine ride in defendants' amusement park, when the ride started up and she was pulled over the rail, holding on to the strap, and dragged into and along the rail. The evidence showed it was common practice for children to be placed in the ride in this way, i.e., to be lifted over the railing. The photographic exhibits indicate that this method of boarding the ride was easy and most natural. The management knew of the practice and made no effort to discourage it. As the plaintiff wife was doing it, and before she had finished strapping her child in the seat, the ride started. She instinctively held on to the strap which was meant for the unprotected child. On these facts the basis for a finding of contributory negligence is extremely tenuous. Nevertheless, the trial court's charge to the jury included the following: "Ask yourselves, is there an entrance to this ride. Ask yourselves, how do you get into this ride. Use that good, sound common sense that you use in your everyday affairs. How do you get into a theatre, how do you get into a ball game? Do you jump the fence, do you go in the side door when you go into a theatre? Does this ride have an entrance, or doesn't it have an entrance? These are matters for you to determine whether or not they acted in a reasonable prudent manner." This was a virtual direction to find that the plaintiff wife, by not using the entrance, was *not* acting in a reasonably prudent manner. Such a charge by the court was improperly suggestive. The case was close. There was evidence by plaintiffs that no warning was given prior to the ride starting up. There was also evidence that the operator of the ride was unlicensed. She was not produced and the only contradictory evidence by the manager of the ride, who did not witness the accident, was general and equivocal. The verdict for defendants was undoubtedly based upon a finding of contributory negligence, which finding in turn was influenced by the trial court's improper suggestion.